## BILL ARMSTRONG v. STATE.

No. A-8163. Dec. 17, 1931.
Rehearing Denied Jan. 15, 1932.

(6 Pac. [2d] 843.)

W. N. Maben, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Pottawatomie county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for 25 years.

The state charged that the defendant and one J. M. Selvidge, on the 23d day of November, 1930, by the use

of firearms, robbed the Bison Theater, in the city of Shawnee, obtaining about $1,100 in cash.

The evidence of the state was that Jack Burger and Dorothy Clouse, who were employees of the theater company, on the 23d day of November, 1930, were taking the receipts for that day up to the office of the theater, which was on the mezzanine floor, for the purpose of putting it in the safe; that, when they got to the top of the stairs, they noticed two men sitting in the lobby; that, when Burger opened the door to the office, and handed Miss Clouse the bag with the day's receipts in it, these two men rushed up, and, after a struggle, succeeded in shoving Dorothy Clouse through the door; that they followed her in, covered them with pistols, and threatened to kill them if they made an outcry, and proceeded to rob the theater by taking $1,100; that they tied the witnesses with electric light wires and gagged them; that defendant was the owner of a bluish colored Ford coupe, with large casings; that defendant and Selvidge put this car in a garage and checked two guns in the garage man's safe on the Friday evening before the robbery; that one of the guns was an automatic with a hammer; that the gun produced by the state at the trial looked like the one checked in at the garage; that there were some .38 and .45 caliber shells in the pocket in the door of the car, and that some of the shells would fit the gun exhibited by the state; that on the Friday following the robbery defendant and Selvidge were arrested at Bartlesville; that defendant was positively identified as one of the robbers. The defense was an alibi.

Defendant contends, first, that the court erred in excluding competent evidence and in the admission of the evidence of the witness Joe Ellis.

The first particular complaint in this assignment is that, when the witness, Jack Burger, was on the stand, he was asked on cross-examination if Dorothy Clouse, when confronted with Selvidge, did not say, "I am not certain about this man," and have them turn him to the side to see whether she could identify him. When objection was sustained, defendant offered to show that the witness would answer that Miss Clouse stated that she was not positive as to Selvidge being one of the men.

Defendant argues that it was error for the court to exclude this evidence, because it affected the credibility of the witness Dorothy Clouse by establishing the fact that she was at one time uncertain as to her identification of Selvidge, five days after the robbery.

Defendant next objects that the court erred in refusing to permit one Turner, chief of police of Bartlesville, who had testified that Armstrong told him he robbed a jewelry store in Shamrock, Tex., that night, and said on direct examination that, when Armstrong told the officers anything, he usually told the truth; his answer being, "I said to him, 'I believe Bill is telling the truth; I have had him several times, and he tells the truth when he tells anything.' "

On cross-examination the witness was asked, "Do you still believe him?" Objection was sustained to this question.

The questions of whether or not the witness Burger thought the witness Clouse had difficulty in identifying Selvidge when she first confronted him, and whether the chief of police at Bartlesville still believed that Armstrong told him the truth when he told him he robbed a jewelry store at Shamrock, Tex., on that night, were immaterial.

The witness, Joe Ellis, testified that he was a banker at Shawnee, and was familiar with the banking business. Witness was handed Defendant's Exhibit 4, which was a check purporting to have been given on November 23, 1930, and was asked: "From your experience as a banker, could you state to the court and jury when the check was paid at that bank that it was drawn on?" The court permitted defendant's counsel to ask the witness, "Do you know anything about the system of the First National Bank of Sayre? A. No, sir."

Thereupon the court sustained defendant's objection to the question. The witness was then permitted to testify as to what system he used in his own bank. When the witness was asked to state when the check in controversy was paid, he said: "I can state the date given on the check as cancelled." He was asked then what would be the significance in banking parlance of the numbers 10/24/1930. "A. The date that the check was paid—tenth month, twenty-fourth day and thirty year."

It has been uniformly held that, where instruments bear marks or numbers which require explanation, one qualified to do so may explain the apparent meaning of such marks or notations.

"One who is familiar with the marks or brands used in a certain trade may explain their meaning to the jury." 11 R. C. L. § 48, page 629.

If a paper is so badly written or spelled that it is difficult to decipher, as a date which might be read "January" or "July," the evidence of an expert is admissible to assist the jury. Dresler v. Hard, 127 N. Y. 235, 27 N. E. 823, 12 L. R. A. 456.

"If words have a peculiar meaning or application in a peculiar trade, persons familiar with such trade may

testify to such meaning and thereby assist the jury or the court in interpreting the written or verbal passage in which the words occur, and the meaning of abbreviations or entries in books of account may be explained to the jury by those familiar with the subject." 11 R. C. L. § 49, p. 629.

"It is clearly admissible to establish a usage or custom by witnesses who are experienced in the transactions involved and can testify to the facts constituting the usage and custom." 27 R. C. L. § 43, p. 198.

Finally, defendant contends that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence.

The so-called newly discovered evidence consists of the discovery of the apparently erroneous cashing date on the check. This check had been introduced in evidence in the trial of the defendant's codefendant, Selvidge; it had always been in the possession of the defendant's witnesses before the trial, and the question of the erroneous date was fully developed in the trial of Selvidge. Defendant and his counsel may not have before them a written instrument during the trial, and have a new trial on the ground of newly discovered evidence, where such so-called evidence has been on the face of the instrument, and could have been discovered by diligence on the part of the defendant and his counsel. The record clearly discloses that this evidence was not newly discovered, but was a part of the court records of the superior court of Pottawatomie county, open to the inspection of defendant and his counsel, and their failure to inspect the exhibit until after the close of the trial does not constitute newly discovered evidence.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.